UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUG LONGHINI,
    Plaintiff,                              CASE NO.:

    v.

ATLANTA RESTAURANT PARTNERS, LLC
d/b/a TGI FRIDAYS 2646
    Defendant.
_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sue Defendant, ATLANTA RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS 2646, a foreign for-profit corporation registered to conduct business in Florida whose principal place of business is in Coral Gables, Florida, (hereinafter "Defendant"), and as grounds allege:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, ATLANTA RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS 2646, was and is a limited liability company, with its principal place of business in Coral Gables, Florida, with agents and/or offices in Miami-Dade County, Florida.

6. At all times material, Defendant, ATLANTA RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS 2646 owned and operated a restaurant located at 1200 South Dixie Highway, Coral Gables, Florida 33146 (hereinafter the "property").

7. Venue is properly located in the U.S. Southern District of Florida because Defendant's restaurant and the property within which it is on is located in Miami-Dade County, Florida, and Defendant regularly conducts business within Miami-Dade County, Florida, and because a substantial part of the events or omissions giving rise to this claim occurred in Coral Gables, Florida.

## FACTUAL ALLEGATIONS

8. Although nearly twenty years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

9. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business.

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

12. ATLANTA RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS 2646 operates and owns the subject restaurant business in Coral Gables, Florida that is the subject of this Action. The subject "TGI Fridays" Restaurant is a restaurant open to the public and is located in Coral Gables, Florida.

13. The individual Plaintiff visits the property regularly, to include a visit to the property on or about November 11th, 2015 and plans to return and within the next month since he encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to the restaurant to avail himself of the goods and services offered to the public at the business, if the property/business becomes accessible.

14. Plaintiff visited the property as a restaurant patron/customer, previously visited the restaurant as a patron/customer and intends to return to the property to avail himself of the goods and services offered to the public at the property. Plaintiff is domiciled in the same state as and county to the property, has regularly previously visited the Defendant's Coral Gables restaurant location for pleasure purposes, and intends to return to the property within the next months' time. Plaintiff lives in the Miami-Dade County area and often visits restaurants and other venues and businesses in the Miami-Dade County area, to include Coral Gables, and the surrounding areas while visiting or socializing with friends.

15. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

16. Public accommodations covered by Title III of the ADA must be designed and constructed as accessible in accordance with 28 CFR 36.401. Alterations and additions are similarly mandated under 28 CFR 36.402 and 36.403. Existing facilities, constructed prior to 1993, must remove architectural barriers that are structural in nature, where such removal is readily achievable. The requirement to remove architectural barriers where readily achievable is discussed in the Department of Justice ADA Title III Regulation 28 CFR 36.304.

17. 28 CFR 36.211 requires accessible elements to be maintained in accordance with the 2010 Americans with Disabilities Act Accessibility Standards.

18. The Plaintiff found the restaurant/property to be rife with ADA violations.

19. The Plaintiff encountered architectural barriers at the subject property, and wishes to continue his patronage and use of the premises.

20. DOUG LONGHINI has been discriminated against as well as other similarly situated disabled persons with the same or similar claims.

21. The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that are in violation of the ADA, at the subject property/restaurant. The barriers to access at Defendant's property have denied or diminished Plaintiff's ability to visit the property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

22. Defendant owns, and operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public

accommodation (the business property that is the subject of this Action for its violations of the ADA) that Defendant, ATLANTA RESTAURANT PARTNERS, LLC, d/b/a TGI FRIDAYS 2646, which owns and operates as a business and is located 1200 South Dixie Highway, Coral Gables, Florida 33146.

23. Plaintiff, DOUG LONGHINI has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property, but not necessarily limited to the allegations in Paragraph 25 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the property in violation of the ADA. Plaintiff desires to visit the Property, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA; so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

24. Defendant has discriminated against the individual Plaintiff by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182 et seq.

25. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his stay at the property include, but are not limited to, the following:

A. Public Restrooms

   1) The Plaintiff could not close the accessible toilet stall door as it was not self-closing and did not have the required door hardware. Violation: The stall door does not provide hardware that complies with Sections 4.17.5 and 4.13.9 of the ADAAG, whose resolution is readily achievable.

   2) The Plaintiff could not enter the accessible toilet stall without assistance, as the required maneuvering clearance was not provided. Violation: The accessible

        toilet stall does not provide the required latch side clearance violating Sections 4.13.6 and 4.17.5 of the ADAAG, whose resolution is readily achievable.

3) The Plaintiff could not transfer to the toilet in the accessible toilet compartment, as the grab bars were not the required length. Violation: Compliant grab bars are not provided in the accessible toilet compartment in violation of Section 4.17.6 and Figure 30(a) of the ADAAG, whose resolution is readily achievable.

4) The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG, whose resolution is readily achievable.

5) The Plaintiff could not use the hand dryer or the paper towel dispenser without assistance as they were mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

6) The Plaintiff could not use the paper towel dispenser without assistance, as it required a tight grasp and twisting of the wrist to operate. Violation: The paper towel dispensers require a tight grasp and twist to operate in violation of Section 4.27.4 of the ADAAG, whose resolution is readily achievable.

26. The discriminatory violations described in Paragraph 25 above are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the property; Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice.

27. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's buildings and facilities; and have otherwise been discriminated against and damaged by the Defendant because

of the Defendants' ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30.  A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this  discriminatory

situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met or waived.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property located at 1200 South Dixie Highway, Coral Gables, Florida 33146, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42

U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED: August 2, 2016

        **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
Marina Lakes, Unit 3
4937 SW 74th Court
Miami, FL 33155
Telephone:   (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:   ajperezlaw@gmail.com
Secondary E-Mails: kturino_agmlaw@bellsouth.net and agmlaw@bellsouth.net

By:   */s/ Alfredo Garcia-Menocal*
    ANTHONY J. PEREZ
    Florida Bar No.: 535451
    ALFREDO GARCIA-MENOCAL
    Florida Bar No.: 533610